## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:19-cr-00028-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| PROPHET KARIM HADIALIM-ALLAH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a Motion for Compassionate Release [Doc. 361].

## I.    BACKGROUND

On August 7, 2019, the Defendant Prophet Karim Hadialim Allah and seven co-conspirators were charged in a 35-count Superseding Bill of Indictment with, among other things, conspiracy to distribute at least 50 grams or more of methamphetamine.  [Doc. 86].  On November 22, 2019, the Defendant pled guilty to this conspiracy count.  [Docs. 155, 167].  On May 28, 2020, this Court sentenced him to 108 months of imprisonment, to be followed by five years of supervised release.  [Doc. 237].  The Defendant

is currently housed at FPC Montgomery, and his projected release date is December 9, 2026.[1]

The Defendant now moves for a reduction of his custodial sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 361]. The Defendant cites his positive behavior and efforts at rehabilitation while incarcerated, his health conditions, and the fact that his mother is elderly and has dementia as grounds for a reduced sentence. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant does not address whether he has

---

[1] See https://www.bop.gov/inmateloc/ (last visited June 22, 2022).

exhausted the necessary remedies.  Nevertheless, the Court will proceed to

address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence

under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons

if "such reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that

such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth

the Sentencing Commission's policy statement applicable to compassionate

release reductions.  See U.S.S.G. § 1B1.13.  Specifically, the application

notes to this policy statement set forth the various circumstances under

which the Court can determine that "extraordinary and compelling reasons

exist," including: the medical condition of the defendant, the age of the

defendant, certain family circumstances, or other reasons.   This policy

statement, however, was adopted before the First Step Act, and the

Sentencing Commission has not updated the policy statement to account for

the fact that defendants are now permitted to file their own motions for

compassionate release.  In light of these circumstances, the Fourth Circuit

Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that extraordinary and compelling reasons exist because his mother is elderly and has dementia and he "want[s] to be there for her physically." [Doc. 361 at 1]. The Defendant, however, offers no documentation, such as medical records, to support his contention. Furthermore, the Defendant offers no details regarding his mother's need for care or whether such needs are, or could be, met by others. The Defendant's desire to be available to his mother, then, is not an extraordinary and compelling reason for imposing a reduced sentence.

4

The Defendant further argues that a reduction in sentence is warranted because he has hypertension and may be pre-diabetic. [Id.]. The Defendant's Presentence Report notes that the Defendant takes medication for his hypertension, and there is nothing in the record to indicate that this condition is not being adequately treated by this medication. As for the Defendant's concern that he "may have pre-diabetes," such a speculative assertion does not constitute an extraordinary and compelling reason to justify a reduced sentence.

Additionally, the Defendant argues that his positive behavior and efforts at rehabilitation while incarcerated warrant a reduced sentence. Specifically, he cites the fact that he has completed 12 programs, as well as the NRDAP program, and that he has not engaged in any misconduct during the 38 months that he has been incarcerated. [Doc. 361 at 1]. Rehabilitation alone, however, does not provide sufficient grounds for a sentence modification. See 28 U.S.C. § 994(t). Thus, while the Defendant's rehabilitative efforts during the time that he has been in prison are commendable, such efforts, without more, do not constitute extraordinary and compelling reasons justifying the Defendant's release.

In sum, the Court concludes that none of the circumstances cited, considered separately or in combination, constitute an extraordinary and compelling reason for a reduction in the Defendant's sentence.

Even if the Defendant could establish extraordinary and compelling reasons, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant was a member of a conspiracy responsible for distributing significant quantities of controlled substances in the Asheville area over a two-year period. He was ultimately held liable for 431.42 grams of actual methamphetamine. [Doc. 200 at 10-11]. The Defendant also had a significant criminal history, including multiple convictions for drug possession, as well as solicitation to commit a felony (possession of a Schedule I controlled substance), maintaining a dwelling place for a controlled substance, and possession of a firearm by a felon. [Id. at 13-15]. The sentence previously imposed by the Court appropriately reflects the Defendant's history and characteristics, as well as the seriousness of the Defendant's offense and his role in that offense.

6

In sum, the Court concludes that the sentence imposed was sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a). The Court's sentence properly reflected the seriousness and extent of the offense, the need to deter criminality, and the need to protect the public from further crimes of the Defendant. Nothing put forth by the Defendant would justify reducing his 108-month sentence to a sentence of time served. The Defendant's motion for compassionate release is therefore denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Compassionate Release [Doc. 361], is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge